**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NORMA I. MARTINEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:13-cv-1700-L (BF)** |
| | § | |
| **WELLS FARGO BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SERVICE, and BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Service ("MERS") have filed a joint Rule 12(b)(6) motion to dismiss this *pro se* civil action brought by Norma I. Martinez to prevent the foreclosure of her home. Defendant Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") has filed a separate Rule 12(b)(6) motion to dismiss. In her state court petition,[1] Plaintiff generally complains that Defendants lack standing to foreclose because none of them can prove it is an owner or holder in due course of her mortgage note. *See* Plf. Orig. Pet. at 1, 3-4. She also contends that Defendants failed to file a notice of assignment required by the Texas Property Code and that Barrett Daffin committed fraud by preparing false documents in connection with the attempted foreclosure. *See id*. at 2, 10. Based on this conduct, Plaintiff asserts claims for wrongful foreclosure, quiet title, and a declaratory judgment that she owns her home free

[1] Plaintiff originally filed this action in the 134th Judicial District Court of Dallas County, Texas. Defendants timely removed the case to federal court on the basis of federal question and diversity jurisdiction. Def. Rem. Not. (Doc. 1) at 3-4, 6-12.

and clear of any lien in favor of Defendants. *Id.* at 1, 9. She also appears to assert claims for fraud and fraudulent inducement, breach of contract, negligence, and violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Securities Act of 1933, the Texas Business and Commerce Code, and the Pooling and Servicing Agreement ("PSA") related to her underlying mortgage note. *Id.* at 2, 4-7, 8 &10. Defendants move to dismiss all of Plaintiff's claims and causes of action for failure to state a claim upon which relief can be granted. The motions have been fully briefed, and the issues are ripe for determination.[2]

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to

---

[2] Although Plaintiff filed a written response to the motion by Wells Fargo and MERS, she failed to do so with respect to Barrett Daffin's motion. Accordingly, the Court considers that motion without the benefit of a response.

infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'--'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

The gravamen of Plaintiff's claims is that Defendants lack standing to foreclose on her home because none of them is the owner or holder in due course of her mortgage note. *See* Plf. Orig. Pet. at 3. Plaintiff asserts that Defendants were required to present her with the original note and a complete chain of assignments prior to initiating foreclosure proceedings and that their failure to do so violated Texas law, the PSA, the FDCPA, and the Securities Act of 1933. *Id.* at 5-7, ¶¶ 15-16, 18-19. These assertions implicate the so-called "show-me-the-note" theory, which the Fifth Circuit has unambiguously rejected as having no merit. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) (affirming dismissal of claims based on theory that only the holder of the note has lawful power to initiate a non-judicial foreclosure). Texas law simply does not require possession or production of the original note as a condition precedent to foreclosure. *Id.*; *see also* TEX. PROP. CODE ANN. § 51.002(a)-(h) (setting forth requirements for nonjudicial foreclosure in Texas, which do not include producing the original note). To the extent Plaintiff premises her claims on any alleged failure to "produce the original ink signed note," *see* Plf. Orig. Pet. at 6, such claims fail and are subject to dismissal under Rule 12(b)(6). *Preston v. Seterus, Inc.*, 931 F.Supp.2d 743, 757 (N.D. Tex. 2013) (presentation of original note to borrowers is not a prerequisite to foreclosure of deed of trust in Texas); *Webb v. Midland Mortg.*, No. 3:12-CV-5138-M-BF, 2013 WL 4734001, at *2 (N.D. Tex. Sep. 3, 2013) (granting Rule 12(b)(6) motion with respect to claims premised on "show-me-the-note" theory).

Plaintiff's claim that Wells Fargo lacks standing to foreclose is similarly without merit. Texas law provides that either a mortgagee or a mortgage servicer may administer a deed of trust

foreclosure. *See Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1 n.1 (5th Cir. Mar. 28, 2011) (per curiam) (citing TEX. PROP. CODE ANN. §§ 51.002 & 51.0025 (West 2007)). A "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument" or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE ANN. § 51.0001(4). MERS is also a "book entry system" that qualifies as a mortgagee under the Texas Property Code. *See id.*; *Martins*, 722 F.3d at 255. Here, Wells Fargo and MERS have attached to their motion to dismiss a copy of Plaintiff's Deed of Trust and an Assignment of Note and Deed of Trust ("Assignment"). Def. App., Exhs. A & B.[3] The Deed of Trust identifies Franklin American Mortgage Company ("Franklin American") as the original Lender and names MERS as the nominee for First American. *Id.*, Exh. A at 2, 3. The Assignment reflects that MERS, as nominee for Franklin American, assigned the Deed of Trust to Wells Fargo on or about February 4, 2010. *See id.*, Exh. B at 12. The Assignment was later recorded in the Official Public Records of Dallas County, Texas. *Id.* Plaintiff does not allege that the Deed of Trust was subsequently assigned to any other party. Wells Fargo is thus "the last person to whom the security interest has been assigned of record," and is a statutory "mortgagee" entitled to initiate foreclosure proceedings against Plaintiff's home. *See Martins*, 722 F.3d at 255 (MERS and its assigns entitled to bring foreclosure actions under the Texas Property Code). Consequently, Plaintiff has failed to state a claim for relief based on the theory that Wells Fargo lacks standing to foreclose.

---

[3] The Deed of Trust and Assignment are matters of public record of which the Court may take judicial notice in considering Defendants' Rule 12(b)(6) motions to dismiss. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Nor is there any merit to Plaintiff's claims for wrongful foreclosure and quiet title. In Texas, the elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Biggers v. BAC Home Loans Serv., LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (citing cases). Because an inadequate selling price is a necessary element of a wrongful foreclosure claim, a foreclosure sale is a precondition to recovery. *Id.*; *see also Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App. 1977, no writ) (Texas courts do not recognize claim for "attempted wrongful foreclosure"). Plaintiff's petition alleges only that Defendants are "threatening to foreclos[e]" on her property, Plf. Orig. Pet. at 3, ¶ 6, not that a foreclosure sale actually occurred or that the price that was paid was grossly inadequate. Thus, Plaintiff has failed to plead a plausible claim for wrongful foreclosure. *Biggers*, 767 F.Supp.2d at 730; *see also Smith v. J.P. Morgan Chase Bank N/A*, No. H-10-3730, 2010 WL 4622209, at *2-3 (S.D. Tex. Nov. 4, 2010) (dismissing wrongful foreclosure claim under Rule 12(b)(6) where no foreclosure sale occurred).

To prevail on her quiet title claim, Plaintiff must show that: (1) she has an interest in a specific property; (2) her title to the property is affected by a claim by Defendants; and (3) Defendants' claim to the property, although facially valid, is invalid or unenforceable. *See, e.g. Vernon v. Perrien*, 380 S.W.3d 47, 61 (Tex. App. -- El Paso 2012, pet. denied). Plaintiff "must prove and recover on the strength of [her] own title, not the weakness of [her] adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. -- Corpus Christi 2001, no pet.). Plaintiff does not allege that she is current on her loan payments and not in default such that she would have an interest in her home that is superior to that of any lien holder seeking to foreclose. Thus, Plaintiff

has failed to state a claim for quiet title upon which relief can be granted. *See Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (dismissing quiet title claim where plaintiff failed to allege facts that, if true, would establish superior title).

To the extent Plaintiff has attempted to state a claim on any other substantive grounds, her vague assertions offer nothing more than mere labels and conclusions regarding various causes of action. Plaintiff does not plead enough facts to permit the reasonable inference that Defendants are liable for breach of contract, fraud, negligence, or any other misconduct with respect to her mortgage or the threatened foreclosure. Among other reasons, Plaintiff's claims under the FDCPA fail because she has failed to allege sufficient facts demonstrating that any Defendant is a "debt collector" as defined by the statute. *Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424, 428 n. 1 (5th Cir. 2012) (affirming dismissal of FDCPA claim because "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA"); *Wiggins v. Wells Fargo &* Co., No. 3:09-CV-2003-N, 2010 WL 342246, at *3 (N.D. Tex. Jan. 29, 2010) (same); *see also* TEX. PROP. CODE § 51.0075(b) ("A trustee or substitute trustee is not a debt collector."). Plaintiff has also failed to allege facts to show that the Deed of Trust is a security instrument subject to the Securities Act of 1933 or that the UCC applies to the non-judicial foreclosure proceeding at issue here. Plaintiff's claim that Defendants' failure to file a notice of assignment violates state law or the PSA lacks merit because the Assignment was, in fact, recorded. Def. App., Exh. B. Even if the Assignment had not been recorded, the failure to do so would not have affected the validity of the security instrument. *Bittinger v. Wells Fargo Bank NA*, 744 F.Supp.2d 619, 625 (S.D. Tex. 2010) ("Under Texas law there is no requirement that the deed of trust assignment be recorded."). Plaintiff's request for a declaratory judgment is dependent upon the assertion of a viable cause of action. *Sid Richardson Carbon & Gasoline Co. v. Interenergy*

*Res., Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996) (declaratory judgment is only a procedural device for granting a remedy and does not create any substantive rights or causes of action). Because Plaintiff has failed to allege facts to support any claim upon which relief can be granted, her request for declaratory relief cannot survive. *Marban v. PNC Mortg.*, No. 3:12-CV-3952-M, 2013 WL 3356285, at *11 (N.D. Tex. Jul. 3, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

Plaintiff's only response to Defendants' arguments is to invoke her *pro se* status and urge that the Court hold her to a "lower standard." Plf. Resp. (Doc. 10) at 2. However, Plaintiff's *pro se* status does not absolve her from the obligation to comply with Fed. R. Civ. P. 8(a) and set forth specific facts supporting her claims. *See Bookman v. Shubzda*, 945 F.Supp. 999, 1004-005 (N.D. Tex. 1996). Plaintiff's pleadings, even when liberally construed, present only frivolous legal arguments and vague and conclusory allegations that fail to state a claim for relief against any Defendant.

Finally, Barrett Daffin moves to dismiss Plaintiff's claims against it on immunity grounds. *See* Barrett Daffin Mot. (Doc. 12) at 3, 6-8. Plaintiff's petition generally alleges that Barrett Daffin committed fraud by preparing documents in connection with the foreclosure proceedings initiated by Wells Fargo against Plaintiff's property. Plf. Orig. Pet. at 10, ¶¶ 26-27. Barrett Daffin contends that it is immune from suit on the facts alleged because Plaintiff's claims arise out of its legal representation of Wells Fargo. Barrett Daffin Mot. at 6-8. Plaintiff has not responded to Barrett Daffin's argument. Although some Texas federal and state courts have applied the doctrine of qualified "attorney" immunity to dismiss attorneys or law firms representing a mortgagee in a foreclosure proceeding, *see, e.g., Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12-CV-344, 2012 WL

4092590, at *3 (E.D. Tex. Aug. 16, 2012), *rec. adopted,* 2012 WL 4092516 (E.D. Tex. Sept. 17, 2012) (dismissing law firm retained by Wells Fargo to assist with home foreclosure process); *Smith v. Nat'l City Mortg*., No. A-09-CV-881-LY, 2010 WL 3338537, at *4 (W.D. Tex. Aug. 23, 2010) (same); *Campbell v. Mortg. Elec. Registration Sys., Inc*., No. 03-11-429-CV, 2012 WL 1839357, at *6 (Tex. App.--Austin May 18, 2012, no pet. h.) (affirming the trial court's dismissal of attorney defendants retained by Wells Fargo to assist in foreclosure proceedings), the Court finds it unnecessary to reach the immunity issue in this case. All of Plaintiff's claims against Barrett Daffin are predicated on its role as Wells Fargo's agent in connection with the foreclosure proceedings initiated by the bank. Plf. Orig. Pet. at 10, ¶ 27. She has not alleged any actionable facts specific to Barrett Daffin. Plaintiff has thus failed to state a plausible claim for relief against Barrett Daffin, and her claims against the law firm must be dismissed.

## RECOMMENDATION

For the foregoing reasons, the District Court should GRANT Defendants' motions (Docs. 6 & 12) and DISMISS with prejudice all of Plaintiff's claims and causes of action.[4]

---

[4] The Court would ordinarily allow Plaintiff the opportunity to amend her complaint in an attempt to cure the pleading defects identified by Defendants. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, Plaintiff never sought leave to amend her initial pleading, even after Defendants pointed out several deficiencies in their Rule 12(b)(6) motions to dismiss. Instead, she stubbornly insisted that her complaint "not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a)." Plf. Resp. (Doc. 10) at 1. The Court therefore determines that Plaintiff is unwilling or unable to amend her complaint in a manner that will avoid dismissal and that dismissal with prejudice is appropriate. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz*, 2012 WL 1836095, at *7 (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).

SO RECOMMENDED, December 30, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).